Richard L. STEINKE, Sr., Appellant,

v.

SEPTA.

No. 02–2879.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 30, 2003.

Decided Dec. 10, 2003.

---

Stephen S. Pennington, Jamie C. Ray, Law Offices of Stephen S. Pennington, Philadelphia, PA, for Appellant.

Saul H. Krenzel, Lori Kliner–Krenzel, Saul H. Krenzel & Associates, Philadelphia, PA, for Appellee.

Before SCIRICA, Chief Judge, NYGAARD and AMBRO, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Richard L. Steinke, Sr. ("Steinke") appeals the order of the United States District Court for the Eastern District of Pennsylvania granting the motion for summary judgment to Southeastern Pennsylvania Transportation Authority ("SEPTA"). The District Court exercised subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. Be-

cause we conclude that the District Court properly granted summary judgment, we affirm.

### Facts and Procedural Background

Steinke began working for SEPTA in 1972. In January of 1979, he was injured as a result of being electrocuted while working for SEPTA. He returned to work for SEPTA in April of that year. In October 1985 Steinke suffered a back injury when he fell from a ladder while employed by SEPTA. As a result of these incidents, Steinke filed a workers' compensation claim and began receiving benefits from SEPTA. Steinke's treating physician has continuously certified since 1987 that Steinke's injuries precluded him from returning to work. In February of 1998, at the request of SEPTA, Steinke attended an Independent Medical Examination ("IME") to determine his continued eligibility for workers' compensation. One month later, based on the results of the IME, Steinke was informed that he would be required to return to work. He disputed the results of the IME and SEPTA's subsequent decision to require him to return to work. Pursuant to a collective bargaining agreement between SEPTA and Steinke's union, when there is a dispute of medical opinion regarding the employee's ability to perform his or her job, the employee must submit to a medical examination by a neutral third party. If the employee refuses to do so, he or she is deemed to have resigned his or her employment with SEPTA. Thus, Steinke was deemed to have resigned in April 1998 from SEPTA for failing to consent to a mandatory dispute resolution examination.

### Discussion

In October 1999, Steinke filed a complaint in the District Court against SEPTA, alleging that it terminated his employment because of his disability in violation the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101, *et seq.* Pursuant to the ADA, "a physical impairment that 'substantially limits one or more ... major life activities' is a 'disability'." *Toyota Motor Mfg. v. Williams,* 534 U.S. 184, 187, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002) (quoting 42 U.S.C. § 12101(2)(A)). SEPTA does not dispute that Steinke's back condition is an impairment for purposes of the ADA, but it contends that his impairment does not substantially limit a major life activity and thus fails to qualify as a disability under the ADA. In June 2002 the District Court agreed and awarded summary judgment to SEPTA.

█ Steinke contends that the District Court erred in granting summary judgment for three reasons. First, he asserts that, in determining whether he was disabled, the District Court failed to consider whether his work-related restrictions would support an inference of substantial limitation in his major life activities at home. He relies upon *Toyota,* which held that, when determining if an individual is disabled under the ADA, the inquiry must focus on whether the claimant is unable to perform the variety of tasks central to most people's daily lives, not those tasks associated with his or her specific job. *Id.* at 200–01. Steinke argues that *Toyota* "allows an ADA plaintiff to bridge the gap between his work-related restrictions, and the manner in which those restrictions may impact his ability to carry out major life activities." Appellant's Br. at 1. Assuming, however, that *Toyota* does allow a plaintiff to bridge the gap between work-related activities and major life activities at home, the ADA still requires those "claiming the Act's protection ... to prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their own experience ... is substantial." *Id.* at 691–92 (quoting *Albertson's, Inc. v. Kirkingburg,* 527 U.S. 555, 557, 119 S.Ct. 2162, 144 L.Ed.2d 518 (1999)). The District Court's detailed analysis of Steinke's ability to perform the variety of tasks central to most people's daily lives is sufficient to show that his work-related restrictions do not imply limitations in major life activities at home.

█ Steinke next claims that the District Court failed to consider the overall effect of his impairment when determining if it results in a substantial limitation of one or more major life activities. He contends that the District Court relied upon isolated incidents that illustrate his ability to perform a variety of tasks. For Steinke, the proper question is not whether he has the determination or courage to engage in a particular activity, but rather whether he faces significant disability-related obstacles when he does so engage. *See Gillen v. Fallon Ambulance Servs., Inc.,* 283 F.3d 11, 22 (1st Cir.2002). Additionally, Steinke believes that his ability to engage in a variety of activities does not take into account the pain he encounters in the process. Therefore, he asserts, the mere fact that he is able to engage in various activities despite his pain has no bearing on the determination of whether he is substantially limited in a major life activity. *Id.*

The District Court did not penalize Steinke for attempting to engage in different activities. It merely cited these illustrations as examples of his failure to appreciate the nature of the restriction required in order to qualify as disabled. Steinke correctly notes that, when determining whether a person is substantially limited in his or her ability to perform major life activities, a court should assess the extent of the limitation on designated major life activities. Neither his testimony nor the other evidence of record, however, establishes significant disability-related obstacles in engaging in those activities. Accordingly, although Steinke's testimony that his difficulty and pain in

walking, standing, sitting and bending establish that he is impaired, that testimony fails to confirm that he is disabled. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 108 (3d Cir.1999).

Finally, Steinke contends that the District Court failed to make an individualized inquiry as to the effect of his impairment. As he correctly notes, "disability must be determined on a case by case basis." *Sutton v. United Air Lines*, 527 U.S. 471, 483, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). But, as previously noted, neither Steinke's testimony nor the other evidence of record establishes significant disability-related obstacles in engaging in major life activities. To the contrary, the District Court's detailed analysis of Steinke's ability to perform the variety of tasks central to most people's daily lives establishes that he is not disabled.

### Conclusion

In this context, we affirm the District Court's grant of summary judgment.